■ CHAMPION MORTGAGE COMPANY, INC., Respondent, v JOSEPH R. CAPALBI et al., Appellants. [648 NYS2d 606] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered December 20, 1994, which granted plaintiff mortgagee's motion pursuant to RPAPL 221 to be put into possession of the subject premises by the Sheriff, unanimously affirmed, without costs.

There is no merit to defendants' claim that the foreclosure sale should be set aside on the ground that they were throughout represented by a disbarred attorney. Defendants proceeded *pro se* in this action. The disbarred attorney never appeared of record and never submitted papers as their attorney, and the proceeding is not rendered a nullity simply because he may have given defendants advice or assistance (*see, Dunn v Eickhoff*, 35 NY2d 698). It should also be noted that defendants fail to show a meritorious defense that could have been presented had they not been wrongly advised by the disbarred attorney (*see, supra*). Defendants' claim that they made payments to the disbarred attorney with the belief that he would forward the payments to plaintiff is conclusory absent any documentary support, and in any event provides no defense to the instant foreclosure action but only a right of action against the disbarred attorney. Nor is there merit to defendants' claim that the IAS Court should have ordered a hearing on their claim that the auction sale did not take place as scheduled, in view of the sworn statement of the Referee, an attorney and impartial appointee of the court, that the sale did take place as scheduled. Finally, that plaintiff purchased the property for a nominal bid of $1,000 is not a basis for setting aside the sale, since the law deems a bid by a mortgagee who does not seek a deficiency judgment to be the equivalent of the mortgage balance plus the sale expenses (*see, Polish Natl. Alliance v White Eagle Hall Co.*, 98 AD2d 400, 407-408). We have considered defendants' remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman, Nardelli and Mazzarelli, JJ.